1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID VAN DUKE,

     Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

     Respondents.

Case No. 2:13-cv-00688-APG-PAL

**ORDER**

     This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  In this order, the Court addresses several pending motions, including respondents' motion to dismiss (Dkt. #8), petitioner's motion for the appointment of counsel (Dkt. #15), petitioner's motions to amend (Dkt. #16 & #19), and petitioner's motion for a stay (Dkt. #18).

**I.  Procedural History**

     Petitioner was charged with failure to stop on signal of a police officer, trafficking in a controlled substance (cocaine), and transport of a controlled substance.  (Exhibit 12).[1]  The matter

---

[1]  The exhibits referenced in this order are found in the Court's record at Dkt. #9-#12.

1  proceeded to a jury trial and the jury returned a guilty verdict on all three counts.  (Exhibit 15).  The

2  judgment of conviction was entered on February 26, 2008.  (Exhibit 26).  Petitioner was sentenced

3  to a 13-60 month term of imprisonment on the failure to stop count, a consecutive term of 10 -25

4  years for trafficking a controlled substance, and a concurrent term of 13-60 months for transport of

5  a controlled substance.  (Exhibit 26).  Petitioner appealed his conviction.  (Exhibit 18).  The Nevada

6  Supreme Court affirmed the conviction on direct appeal.  (Exhibit 37).

7       Petitioner, acting in *pro se* filed a post-conviction habeas petition on January 27, 2010, and

8  an amended petition on April 15, 2010.  (Exhibits 46 & 49).  With the assistance of counsel,

9  petitioner filed a supplemental post-conviction habeas petition on January 5, 2011.  (Exhibit 53).

10  After an evidentiary hearing, the state district court denied the post-conviction habeas petition by

11  order filed April 4, 2012.  (Exhibits 63, 65, 72).  Petitioner appealed.  (Exhibit 75).  The Nevada

12  Supreme Court affirmed the denial of the post-conviction state habeas petition.  (Exhibit 97).

13       Petitioner dispatched his federal petition to this Court on April 18, 2013.  (Dkt. #6, at p. 1).

14  Respondents have filed a motion to dismiss the petition.  (Dkt. #8).  Petitioner has filed a motion for

15  the appointment of counsel.  (Dkt. #15).  Petitioner has filed two motions to amend the petition.

16  (Dkt. #16 & #19).  Petitioner has also filed a motion seeking a stay.  (Dkt. #18).  Oppositions and

17  replies to the motions have been filed, and the Court now considers all pending motions.

18  **II. Petitioner's Motion for the Appointment of Counsel**

19       Petitioner has filed a motion for the appointment of counsel.  (Dkt. #15).  Pursuant to 18

20  U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that

21  the "interests of justice" require representation.  There is no constitutional right to appointed

22  counsel for a federal habeas corpus proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987);

23  *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint counsel is generally

24  discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023

25  (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  The

26  petition on file in this action is well-written and sufficiently clear in presenting the issues that

27  petitioner wishes to bring.  The issues in this case are not complex.  Counsel is not justified in this

28  instance.  The motion for the appointment of counsel is denied.

**III.  Petitioner's Motions to Amend**

Petitioner has filed two motions to amend his petition.  (Dkt. #16 & #19).  The Federal Rules of Civil Procedure apply in federal habeas corpus actions to the extent that it is not inconsistent with statutory provisions or the habeas corpus rules.  Rule 12, Rules Governing Section 2254 Cases in the United States District Courts.  Rule 15(a) of the Federal Rules of Civil Procedure provides as follows:

> (1) A party may amend his pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2)  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely given leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)(2).  Although leave to amend is to be freely granted when justice so requires, leave to amend may be denied for various reasons, including the failure to abide by local rules on amending pleadings and where a proposed amendment is futile.  *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) (finding that district court did not abuse its discretion when party seeking leave did not attach a proposed amended petition as required by local rule); *Caswell v. Calderon*, 363 F.3d 832, 837-40 (9th Cir. 2004) (addressing the standard for leave to amend).  The court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings" though each factor is not necessarily given equal weight.  *Bonin v. Calderon*, 59 F.3d 815, 844-45 (9th Cir. 1995).  A district court may deny a motion to amend where the movant presents no new facts, only new theories, with no satisfactory explanation for the failure to fully develop the contentions in the first place.  *Id.* at 844-45.  Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.  *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

1    In this instant case, petitioner's motions to amend were filed more than 21 days after service
2    of respondents' motion to dismiss.  Respondents have opposed both motions to amend.  (Dkt. #17
3    & #22).  Therefore, petitioner may amend only by leave of court.  Fed. R. Civ. P. 15(a).

4    In both of petitioner's motions for leave to amend, he has failed to comply with Local Rule
5    15-1(a), which requires a party seeking leave to amend to "attach the proposed amended pleading to
6    any motion to amend, so that it will be complete in itself without reference to the superseding
7    pleading."  Petitioner failed to provide a complete proposed amended petition, as required by Local
8    Rule 15-1(a).  Additionally, petitioner's amendments are futile.

9    In his first motion to amend, petitioner seeks to amend his petition to add a claim of
10   ineffective assistance by his attorney during post-conviction proceedings.  (Dkt. #16, at p. 2-8).
11   Although petitioner references *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), this Court notes that there
12   is no freestanding claim under that decision.  *Martinez* held only that the absence or ineffective
13   assistance of counsel in "initial-review state collateral proceedings" can, in certain circumstances,
14   constitute cause for procedural default of a claim of ineffective assistance of trial counsel.  132
15   S.Ct. at 1320.  There is no freestanding constitutional claim based on *Martinez*, because the United
16   States Supreme Court expressly refused to hold that a freestanding right to counsel exists in state
17   post-conviction proceedings.  *Martinez*, 132 S.Ct. at 1319.  Additionally, 28 U.S.C. 2254(i)
18   provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral
19   post-conviction proceedings shall not be a ground for relief in a proceeding arising under section
20   2254."  Finally, any claim based on ineffective assistance of petitioner's counsel during post-
21   conviction proceedings is unexhausted, as petitioner never presented such a claim to the Nevada
22   Supreme Court.  *See* Exhibits 32, 88; 28 U.S.C. § 2254(b)(1)(A); *Jiminez v. Rice,* 276 F.3d 478, 481
23   (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982) ("It is well settled that 28 U.S.C. §
24   2254(b) provides a simple and clear instruction to potential litigants: before you bring any claims to
25   federal court, be sure that you first have taken each one to state court.").

26   In his second motion to amend, petitioner seeks to amend his petition with three claims that
27   are unexhausted.  (Dkt. #19).  The first amendment petitioner proposes is to Ground 3's allegations
28   regarding counsel's failure to raise a double jeopardy claim on direct appeal.  Petitioner asserts that

-4-

1    "the only lawful sentence is transporting."  (Dkt. #19, at p. 2).  However, in state court, petitioner

2    asserted that counsel was ineffective for not challenging the conviction for transportation of a

3    controlled substance on direct appeal, under the Double Jeopardy Clause.  (Exhibit 88, at p. 10).

4    Petitioner's argument in state court asserted that counsel was ineffective for not seeking reversal of

5    the transportation charge, while petitioner now wishes to present an argument that counsel should

6    have argued that the transportation charge "was the only lawful sentence . . . ."  The first proposed

7    amendment is unexhausted because it is based on a theory not presented to the Nevada Supreme

8    Court.

9         In his second proposed amendment, petitioner seeks to allege that trial counsel was

10   ineffective for (1) not presenting a "mere presence" defense, and (2) not requesting an instruction

11   on "inconsistent testimony."  (Dkt. #19, at p. 3).  Petitioner seeks to amend Ground 1 to state that

12   defense counsel was ineffective for not presenting a "mere presence" defense, but petitioner never

13   presented such a claim in state court.  The claim presented and reviewed by the Nevada Supreme

14   Court alleged that counsel was ineffective for not pursuing a procuring agent defense.  (Exhibit 88,

15   at pp. 6, 8-9; Exhibit 97, at p. 2).

16        Third, petitioner proposes an amendment asserting that he suffered prejudice as a result of

17   trial counsel's failure to request that the jury be instructed regarding "inconsistent testimony."

18   (Dkt. #19, at p. 3).  Petitioner never presented such a claim to the Nevada Supreme Court.  (Exhibit

19   32; Exhibit 88).  The third proposed amendment is unexhausted.  Based on the forgoing, the Court

20   has determined that the interests of justice do not require granting plaintiff's motions to amend.

21   Petitioner's motions to amend the petition are denied.

22   **IV.  Petitioner's Motion for a Stay**

23        Petitioner has filed a motion for a stay in order to "go back into the state court to exhaust all

24   remedies on the issues of the other grounds not heard."  (Dkt. #18, at p. 2).  In *Rhines v. Weber*, 544

25   U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate

26   habeas petitioners' return to state court to exhaust claims.  The Court may stay a petition containing

27   both exhausted and unexhausted claims (a "mixed" petition) if: (1) the habeas petitioner has good

28   cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in

1    dilatory litigation tactics.  *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).  In the

2    instance case, petitioner has not shown good cause for the failure to exhaust his claims in state

3    court.  Moreover, his motion is premature when brought before the court has determined that the

4    petition is mixed, containing both exhausted and unexhausted claims.  Petitioner's motion for a stay

5    is denied, without prejudice to renewing the motion at a later date.

6    **V.  Respondents' Motion to Dismiss**

7          Respondents seek to dismiss the petition because it contains grounds that are conclusory,

8    unexhausted, and not cognizable.

9          **A.  Ground 1**

10         Respondents assert that Ground 1 of the petitioner is conclusory.

11         A petitioner is only entitled to federal habeas relief upon a showing "that he is in custody in

12   violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

13   Under Rule 2(c) of the Rules Governing Section 2254 Cases, a petition must specify all grounds for

14   relief and "state the facts supporting each ground."  A petitioner must include specific factual

15   allegations that – if proven – entitle the petitioner to relief.  *Mayle v. Felix*, 545 U.S. 644, 654-64

16   (2005).

17         In Ground 1 of the petition, petitioner asserts that his counsel was ineffective for failing to

18   conduct an adequate investigation to prepare a meaningful defense.  For a habeas petitioner to

19   prevail on a claim of ineffective assistance of counsel, he must demonstrate that his trial counsel's

20   representation fell below an objective standard of reasonableness and that, but for counsel's errors,

21   the result of his criminal proceedings would have been different.  *Strickland v. Washington*, 466

22   U.S. 688, 687 (1984).  A habeas petitioner is required to prove both prongs of *Strickland* to obtain

23   relief: deficient performance by counsel and prejudice resulting from the deficient performance.

24   *Id.*; *United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002).

25         Petitioner alleges that a "basic investigation" of Roy Brooks, the owner of the vehicle that

26   petitioner was driving prior to his arrest, would have revealed he had prior felony drug convictions.

27   (Dkt. # 6, at p. 4).  Petitioner further alleges that the State dropped some drug charges against

28   Brooks a few months after Brooks testified in petitioner's case (*Id.*).  Petitioner then states:

> The failure of counsel to take any effort to investigate or pro-offer [sic] such a defense when a basic review shows that such defense was viable falls beneath any reasonable standard of professional conduct – the first prong of Strickland. The prejudicial effect of counsel's actions were such that a critical defense which could [have] exonerated the defendant was never offered to the jury due to counsel's complete failure to even remotely investigate, satisfies the second prong of Strickland as there was a reasonable probability of a different result had the jury known of this defense.

(Dkt. #6, at p. 4). Petitioner fails to identify what defense that his counsel should have presented to the jury. While petitioner identifies facts that counsel failed to investigate, he does not link those facts to an actual defense that counsel should have presented to the jury. Identification of the defense or defenses that counsel should have presented is essential to the determination of whether counsel's alleged failure to investigate facts and present that defense was objectively unreasonable and that petitioner suffered prejudice from counsel's actions. Ground 1 of the petition is conclusory and is dismissed on that basis.

**B. Ground 2**

Respondents contend that Ground 2 includes allegations that were not exhausted in the state courts. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To satisfy exhaustion, each of petitioner's claims must have been previously presented to the Nevada Supreme Court, with references to a specific constitutional guarantee, as well as a statement of facts that entitle petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002). The federal constitutional

1  implications of a claim, not just issues of state law, must have been raised in the state court to

2  achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404

3  U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner

4  [is] asserting claims under the United States Constitution" and given the opportunity to correct

5  alleged violations of the prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee*

6  *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b)

7  "provides a simple and clear instruction to potential litigants: before you bring any claims to federal

8  court, be sure that you first have taken each one to state court."  *Jiminez v. Rice,* 276 F.3d 478, 481

9  (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

10         A claim is not exhausted unless the petitioner has presented to the state court the same

11  operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California*

12  *Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met

13  when the petitioner presents to the federal court facts or evidence which place the claim in a

14  significantly different posture than it was in the state courts, or where different facts are presented at

15  the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir.

16  1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.

17  Supp. 455, 458 (D. Nev. 1984)**.**

18         In Ground 2, petitioner alleges that "defense counsel [sic] failure to Blackstone the

19  preliminary hearing, which was favorable evidence to cross-examine the police statements made."

20  (Dkt. #6, at p. 7).  Petitioner never presented such a claim to the Nevada Supreme Court.  (Exhibit

21  32; Exhibit 88).  Also in Ground 2, petitioner argues that he was deprived of due process because he

22  did not receive a copy of the preliminary hearing transcript prior to trial.  (Dkt. #6, at pp. 7-8).

23  Petitioner never presented this claim to the Nevada Supreme Court.  (Exhibit 32; Exhibit 88).  The

24  remainder of petitioner's claims in Ground 2, including petitioner's claim of a denial of equal

25  protection, appears to be exhausted.

26  / / /

27  / / /

28  / / /

1      **C. Ground 3**

2         **A. Unexhausted Claims**

3      Respondents contend that Ground 3 contains allegations that are unexhausted and not

4 cognizable in federal habeas corpus.

5      First, petitioner states that "[a]ppellate counsel failed to challenge the sufficiency of the

6 verdict as to count burglary as well as instructions 4 and 5 defining burglary to the jury." (Dkt. #6,

7 at p. 10). Petitioner was not charged with or convicted of burglary. (*See* Exhibits 9, 14, 15).

8 Petitioner never presented this claim to the Nevada Supreme Court. (Exhibit 32; Exhibit 88).

9 Therefore, this claim is unexhausted.

10      Next, Ground 3 is initially identified as a claim of ineffective assistance of appellate

11 counsel, but also includes allegations addressing insufficiency of the evidence. (Dkt. #6, at p. 10).

12 Regarding insufficiency of the evidence, petitioner asserts that there was a lack of fingerprint

13 evidence showing that the items thrown out of the vehicle, including cocaine, were thrown by

14 petitioner. (*Id.*). In his direct appeal, petitioner raised two claims addressing the sufficiency of the

15 evidence. Petitioner challenged his conviction for failure to stop on signal of a police officer

16 because petitioner's attempt to flee was purportedly based on a reasonable belief that the officer

17 was going to use a taser gun on him – petitioner asserted that he was acting in self defense. (Exhibit

18 32, at p. 6). Also in his direct appeal, petitioner challenged his conviction for trafficking in a

19 controlled substance, asserting that no one saw him throw a bag containing cocaine from the vehicle

20 and there was no evidence that the cocaine was not for personal use. (Exhibit 32, at pp. 7-8).

21 However, neither of those arguments included allegations about whether there were fingerprints on

22 the items thrown from the vehicle that would link petitioner to those items. To the extent that

23 petitioner presents allegations to attack the sufficiency of the evidence based upon a lack of

24 fingerprint evidence, such a theory is unexhausted because petitioner never presented such a theory

25 to the Nevada Supreme Court. (Exhibit 32; Exhibit 88).

26      Ground 3 of the federal petition can also be read as asserting that counsel was ineffective on

27 direct appeal for not raising a challenge to the sufficiency of evidence based on a lack of fingerprint

28 evidence linking petitioner to the items thrown out of the vehicle he was driving. (Dkt. #6, at pp.

1   10-11).  However, petitioner presented no such claim to the Nevada Supreme Court.  (Exhibit 32;

2   Exhibit 88).  To the extent that Ground 3 asserts a claim that appellate counsel was ineffective on

3   direct appeal for not challenging the sufficiency of the evidence based on a lack of fingerprint

4   evidence, this claim is unexhausted.

5          Although Ground 3 asserts insufficiency of the evidence, petitioner fails to make clear

6   which of his convictions he is challenging.  (Dkt. #6, at p. 10).  The allegations of insufficiency of

7   the evidence appear to challenge whether the State presented sufficient evidence to link petitioner to

8   the drugs thrown from the vehicle that petitioner was driving due to a lack of fingerprint evidence.

9   (*Id.*).  To the extent these allegations can be read as challenging petitioner's conviction for

10  transportation of a controlled substance, they are unexhausted.  As outlined above, on direct appeal,

11  petitioner challenged the sufficiency of the evidence on the convictions for failure to stop on signal

12  of a police officer and on trafficking in a controlled substance.  (Exhibit 32).  However, petitioner

13  never presented the Nevada Supreme Court with a substantive sufficiency of the evidence claim

14  challenging his conviction for transportation of a controlled substance.  (Exhibit 32).  Petitioner also

15  never presented the Nevada Supreme Court with a claim that appellate counsel was ineffective for

16  failing to challenge the transportation of a controlled substance conviction through a sufficiency of

17  the evidence claim.  (Exhibit 88).

18         Similar to the allegations regarding sufficiency of the evidence, petitioner's allegations

19  regarding a violation of the Double Jeopardy Clause can be read as asserting a substantive double

20  jeopardy issue and a related ineffective assistance of counsel claim.  (Dkt. #6, at pp. 10-11).  On

21  appeal from the denial of his post-conviction habeas petition, petitioner raised a claim that appellate

22  counsel was ineffective for failing to raise on direct appeal the double jeopardy issue concerning his

23  conviction for transportation of a controlled substance.  (Exhibit 88, at p. 10).  However, petitioner

24  never presented the Nevada Supreme Court with a substantive challenge to his convictions under

25  the Double Jeopardy Clause.  (Exhibit 32; Exhibit 88).  Thus, to the extent that Ground 3 may be

26  read as asserting a substantive challenge under the Double Jeopardy Clause, it is unexhausted.  *See*

27  *Rose*, 395 F.3d at 111-1112 (fairly presenting a claim of ineffective assistance of counsel does not

28  exhaust a related substantive claim).

**B.  State Law Claim**

A petitioner in a federal habeas action filed under 28 U.S.C. § 2254 is only entitled to relief "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Allegations that a state court failed to properly apply state law are not cognizable in a federal habeas action.  *See Swarthout v. Cooke*, 131 S.Ct. 859, 862-63 (2011); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Murdoch v. Castro*, 365 F.3d 699, 703 n.1 (9th Cir. 2004) ("We are not a State Supreme Court of errors; we do not review questions of state law.  On federal habeas we may only consider whether the petitioner's conviction violated constitutional norms. *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991).").  In Ground 3 of the petition, petitioner asserts that a court may reverse "multiple convictions for a single act . . . if it does not comport with legislative intent.  *State v. Koseck*, 113 Nev. 477, 479, 936 P.2d 836 (1997).  The holding from *Koseck* is not based on an application of federal law.  To the extent that Ground 3 relies on *Koseck*, that state law claim is not cognizable in this action.

**VI.  Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.  *Id.*  In the instant case, because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1.    He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claim; or

2.    He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3.    He may file a motion asking this court to stay and abey his exhausted federal habeas claim while he returns to state court to exhaust his unexhausted claim.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed.  Petitioner is

advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**VII.  Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel (Dkt. #15) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motions to amend the petition (Dkt. #16 & #19) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for a stay (Dkt. #18) is **DENIED** without prejudice to renewing the motion.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss the petition (Dkt. #8) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted ground; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claim.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents shall respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

1    **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service

2    of respondents' answer in which to file a reply.

3    **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time

4    permitted, this case may be dismissed.

5    Dated:  June 30, 2014.

6

7    _____

8    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28