# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID VAN DUKE,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 2:13-cv-00688-APG-PAL

**ORDER**

    This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On June 30, 2014, this Court entered an order granting respondents' motion to dismiss certain grounds of the petition. (Dkt. #25). The Court dismissed Ground 1 as conclusory. The Court also ruled that portions of Ground 2 and Ground 3 are unexhausted. Petitioner was granted leave to do one of the following:

> (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

(Dkt. #25, at p. 12). On July 16, 2014, petitioner filed a motion for a stay and abeyance. (Dkt. #26). Respondents opposed petitioner's motion. (Dkt. #27). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The *Rhines* Court went on to state that: "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

In the instant case, petitioner's federal petition is undisputedly a mixed petition. Petitioner has demonstrated good cause under *Rhines* for the failure to exhaust all grounds of the federal petition prior to filing it. Further, the grounds of the federal petition that petitioner seeks to exhaust in state court are not "plainly meritless" under the second prong of the *Rhines* test. Finally, there is no indication that petitioner engaged in dilatory litigation tactics. This Court concludes that petitioner has satisfied the criteria for a stay under *Rhines*. Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.

On October 16, 2014, petitioner filed a motion "to unstay" this action, following a ruling by the Nevada Supreme Court on September 16, 2014. (Dkt. #28). In his "motion to unstay" this action, petitioner asserts that he has exhausted all of the allegations that this Court previously found unexhausted, due to the Nevada Supreme Court's order filed September 16, 2014. (Dkt. #28). Respondents have filed a response to petitioner's October 16, 2014 "motion to unstay," along with

Supplemental Exhibits 100-119, concerning petitioner's second state habeas petition. (Dkt. #31, #32). Petitioner's second state habeas petition, filed on December 26, 2013, may have included allegations that this Court ruled unexhausted in its order of June 30, 2014. (Exhibits 100, 102, 103). The state district court dismissed that petition as untimely under NRS 34.726 and successive under NRS 34.810. (Exhibit 107). On September 16, 2014, the Nevada Supreme Court affirmed the denial of the second state habeas petition, finding the petition untimely under NRS 34.726 and successive under NRS 34.810. (Exhibit 117). Because some of the claims that this Court found to be unexhausted in its order of June 30, 2014, may now be procedurally defaulted in light of the Nevada Supreme Court's order of September 16, 2014, the parties must file supplemental briefing.

**IT IS THEREFORE ORDERED** that petitioner's motion for a *Rhines* stay and abeyance (Dkt. #26) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's "motion to unstay" (Dkt. #28) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Court will defer the stay and administrative closing of this action until the parties have filed supplemental briefing on whether the claims this Court found unexhausted in its order of June 30, 2014, are procedurally defaulted in light of the Nevada Supreme Court's order of September 16, 2014.

**IT IS FURTHER ORDERED** that respondents' supplemental brief **SHALL BE FILED AND SERVED** within **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that petitioner's supplemental brief **SHALL BE FILED AND SERVED** within **thirty (30) days** of being served with respondents' supplemental brief.

Dated this 19th day of March, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

-3-