# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

DAVID VAN DUKE,

    Petitioner,

v.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:13-cv-00688-APG-PAL

**ORDER**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. The petition asserts three grounds for relief related to petitioner's state court convictions for (1) failure to stop on signal of a police officer, (2) trafficking in a controlled substance, and (3) transport of a controlled substance. (ECF No. 1 at 2).[1]

On June 30, 2014, the court entered an order granting the respondents' motion to dismiss. (ECF No. 25). The court dismissed Ground One of the petition as conclusory and found several allegations in Grounds Two and Three to be unexhausted. The court also denied petitioner leave to amend to include several additional claims, in part because petitioner failed to comply with Local Rule 15-1(a) by including a complete amended petition and in part because the claims were unexhausted. The court advised petitioner that it could not proceed on his mixed petition and outlined his options, which included filing a motion to stay and abey. (*See* ECF No. 25).

---

[1] Page numbers refer to the CM/ECF number at the top of the page.

1

On July 16, 2014, petitioner filed a motion to stay and abey. (ECF No. 26). Three months later, petitioner filed a motion to "unstay," asserting that he had filed a second state habeas petition and that the Nevada Supreme Court had ruled on it. (ECF No. 28).

On April 27, 2015, the court entered an order finding that petitioner satisfied the requirements for a stay but deferring entry of the stay pending supplemental briefing. (ECF No. 33). The court directed the parties to address whether the claims it previously found unexhausted were procedurally defaulted in light of the Nevada Supreme Court's decision, which affirmed the denial of the second state habeas petition as untimely, successive, and an abuse of the writ. (*See* Ex. 117).[2] The supplemental briefs (ECF Nos. 38 & 39) are now before the court.

A review of the record indicates that most of the claims raised by petitioner in his second state habeas petition are not part of the petition in this case. Petitioner's second state habeas petition asserted three grounds for relief:

1. Ground One: Ineffective assistance of counsel and due process because collateral post-conviction counsel failed to raise or argue a "mere presence" defense (Ex. 100 at 6);

2. Ground Two: Ineffective assistance of counsel because trial counsel failed to investigate and failed to raise a "mere presence" defense, (*id.* at 7); and

3. Ground Three: Ineffective assistance of counsel because trial counsel failed to object to inconsistent testimony and failed to request an inconsistent testimony instruction, (*id.* at 8).

However, none of these claims is part of the operative petition in this case. In its order of June 30, 2014, the court denied petitioner leave to amend his petition to include claims based on ineffective assistance of post-conviction counsel, trial counsel's failure to raise or argue a "mere presence" defense, and trial counsel's failure to object to inconsistent testimony or request an inconsistent testimony instruction. (*See* ECF No. 25 at 4-5). The court also dismissed as conclusory Ground One of the petition, which asserted that

---

[2] Exhibits 100 to 119 of the state court record are located at ECF No. 32.

counsel was ineffective for failing to conduct an adequate investigation or provide a meaningful defense. (ECF No. 25 at 6-7). Thus, petitioner's second state habeas petition served to exhaust only claims that are not part of this petition and -- with one possible exception -- none of the claims the court previously found unexhausted.

The second state habeas petition may have exhausted one claim of the operative petition. In its order of June 30, 2014, the court noted that the petition could be read to assert a substantive sufficiency of the evidence claim challenging petitioner's transportation conviction. (*See* ECF No. 25 at 10; ECF No. 6 at 10). A liberal construction of the second state habeas petition reveals a possible substantive sufficiency of the evidence on the transportation conviction. (Ex. 103 (Supp. to Petition at 6)). Given petitioner's latest assertion that his "only lawful sentence is transporting," (*see* ECF No. 19 at 2; *see also* ECF No. 39 at 6), it is not even clear that this is one of petitioner's claims. However, to the extent it is, it is procedurally barred.

A federal court cannot review even an exhausted claim "if the Nevada Supreme Court denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). The Nevada Supreme Court dismissed petitioner's second habeas petition as untimely and successive and therefore procedurally barred.

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent"

if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Nevada Supreme Court affirmed denial of petitioner's second petition as successive and untimely under Nev. Rev. Stat. § 34.810 and § 34.726. (Exs. 107 & 117). The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see also Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital cases, Nev. Rev. Stat. § 34.810 is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999). The Nevada Supreme Court's decision in this case did not depend on the application of federal law in deciding that the claim was procedurally defaulted. Accordingly, the Nevada Supreme Court relied on

4

independent and adequate state law grounds in affirming the dismissal of petitioner's second state habeas petition as untimely and successive.

Although petitioner's supplemental brief on the procedural default issue asserts "actual innocence," it does not assert petitioner was actually innocent of the transportation conviction. (*See* ECF No. 39 at 6). Petitioner does not otherwise argue cause and certainly does not argue prejudice with respect to this claim, as he concedes that the evidence was sufficient to convict him of transportation. (*See id.*). Accordingly, the procedural default of this claim cannot be excused. To the extent that Ground Three raises a substantive sufficiency of the evidence claim as to the transporting conviction, then, that portion of Ground Three will be dismissed as procedurally barred.

Accordingly, the following claims of the petition remain unexhausted: (1) Ground Two to the extent it asserts ineffective assistance of counsel due to counsel's failure to "Blackstone the preliminary hearing";[3] (2) Ground Two to the extent it asserts a due process violation because petitioner did not receive a copy of the preliminary hearing transcript before trial; (3) Ground Three to the extent it asserts ineffective assistance of appellate counsel for failing to challenge the sufficiency of the verdict as to count burglary as well as instructions 4 and 5 defining burglary to the jury[4]; (4) Ground Three to the extent it asserts a substantive sufficiency of evidence claim based on a lack of fingerprint evidence; (5) Ground Three to the extent it asserts an ineffective assistance of counsel claim based on appellate counsel's failure to argue insufficient evidence due to a lack of fingerprint evidence; and (6) Ground Three to the extent it asserts a substantive double jeopardy claim.

As the petition in this case remains mixed, the court cannot proceed on the petition as is. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding that a federal court may not

---

[3] In his supplemental brief (ECF No. 39), petitioner argues that he raised the "Blackstone" preliminary hearing claim repeatedly since the beginning of his state court case. While it is true that petitioner has argued issues relating to the preliminary hearing throughout his criminal and state collateral proceedings, he has never presented the Nevada Supreme Court with a claim that counsel failed to "Blackstone" the preliminary hearing. The claim therefore is unexhausted.

[4] As noted in the court's prior order, petitioner was not charged with or convicted of burglary in this case.

entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition and that a "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal).  Although petitioner previously filed a motion to stay under similar circumstances, the motion was followed a short time later by a motion to "unstay."  The court therefore cannot ascertain what petitioner would like to do with his still-mixed petition.  Accordingly, the prior order of the court granting and deferring entry of a stay will be vacated, and petitioner will be directed to decide whether he would like to dismiss the unexhausted claims and proceed on his exhausted claims, dismiss the entire petition without prejudice, or file a motion for other relief, such as to stay and abey the exhausted claims so that petitioner can exhaust the unexhausted claims.

**Conclusion**

IT IS THEREFORE ORDERED that to the extent Ground Three asserts a substantive sufficiency of the evidence claim as to the transportation conviction, that part of Ground Three is DISMISSED as procedurally defaulted.

IT IS FURTHER ORDERED that the court's order of March 19, 2015, (ECF No. 33) is vacated to the extent – but only to the extent -- it granted and deferred entry of a stay of this action.

IT IS FURTHER ORDERED that petitioner's motion to stay (ECF No. 26) is denied without prejudice.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from entry of this order within which to mail to the Clerk for filing either: (1) a motion to dismiss seeking partial dismissal only of the unexhausted claims described in this order; (2) a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or (3) a motion for other appropriate relief, such as a motion for a stay and abeyance asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

If a motion as provided for herein is not timely mailed for filing, the entire petition will be dismissed without prejudice for lack of complete exhaustion.

Dated: November 13, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE